**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KATHLEEN ANTHONY,

                    Plaintiff,

-vs-                                                    Case No.  3:11-cv-355-J-JRK

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

                    Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Kathleen Anthony ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's final decision denying her claim for disability insurance benefits ("DIB").  Her

alleged inability to work is based on ulnar neuropathy in her left hand.  Transcript of

Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed June 20,

2011, at 101.  On December 13, 2007, Plaintiff filed an application for DIB, alleging an onset

date of July 19, 2007.  Tr. at 87-89; see also Tr. at 90-01 (amendment to application dated

December 27, 2007).  Plaintiff's claim was denied initially, Tr. at 42-43, 46-47, and was

denied upon reconsideration, Tr. at 44-45, 50-51.

On September 24, 2009, an Administrative Law Judge ("ALJ") presided over a hearing

at which Plaintiff and her then-attorney appeared.  Tr. at 25-41.  On November 25, 2009, the

_____

        [1]        The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See
Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed June 28, 2011; Order
of Reference (Doc. No. 13), entered June 30, 2011.

ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision.  Tr. at

15-21.  Plaintiff then requested review by the Appeals Council.  Tr. at 10-11. The Appeals

Council received and admitted additional evidence in the form of a brief from Plaintiff's then-

attorney, Tr. at 5, and denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's

Decision the final decision of the Commissioner.  On April 14, 2011, Plaintiff commenced this

action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial

review of the Commissioner's final decision.

Plaintiff raises three issues on appeal.  See Plaintiff's Brief (Doc. No. 14-1; "Pl.'s Br."),

filed August 16, 2011, at 5-12.  First, Plaintiff claims that "[t]he ALJ committed reversible

error by considering the findings of a single decision maker [("SDM")] and weighing it against

the treating physician's opinion[.]" Pl.'s Br. at 5 (emphasis omitted).  Second, Plaintiff argues

that "[t]he ALJ improperly evaluated the medical source opinions, resulting in his

inappropriately weighing the opinions." Id. at 6 (emphasis omitted).  Within the second

argument, Plaintiff alleges the ALJ failed to discuss treating physician Lesleigh Box's ("Dr.

Box('s)") 2006 evaluation findings; the ALJ failed to show good cause for discounting Dr.

Box's 2009 evaluation findings (although Plaintiff acknowledges the 2009 findings were

discussed in the Decision); and the ALJ inappropriately evaluated the opinion of non-

examining physician Audrey Goodpasture ("Dr. Goodpasture"). Id. at 7-11.  Third, Plaintiff

argues that "[t]he ALJ failed to evaluate [Plaintiff]'s testimony regarding her attempts to work

despite her impairment," which necessarily renders erroneous the assigned residual

functional capacity ("RFC") and the resulting finding that Plaintiff can perform past relevant

work. Id. at 11 (emphasis omitted).

The undersigned finds the ALJ committed reversible error in mistakenly believing the opinion of a SDM was that of an acceptable medical source, and then using the SDM's opinion in part to discount treating physician Dr. Box's opinion; therefore, this matter is due to be reversed and remanded for further consideration of the relevant medical evidence relating to the left ulnar neuropathy, including Dr. Box's opinion and Dr. Goodpasture's opinion.  Because the matter is due to be reversed and remanded, and because the ALJ's further consideration of the medical opinions on remand may have an impact on the factual findings at which the remaining issue regarding Plaintiff's RFC and ability to perform past relevant work is aimed, the remaining issue is not addressed herein.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[2]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-21. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since July 19, 2007, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairment: ulnar neuropathy of the left hand." Tr. at 17 (emphasis and citation omitted). The ALJ found that Plaintiff's "alleged gastroesophageal reflux disease . . . is a non-severe impairment." Tr. at 17 (emphasis omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined Plaintiff "has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she is limited to occasional exposure to pulmonary irritants as well as being able to frequently do fine/gross manipulations with her left hand. She is also able to frequently do postural activities such as climbing, balancing, stooping, kneeling, crouching, or crawling." Tr. at 17-18 (emphasis omitted). At step four, the ALJ found Plaintiff is able to perform her past relevant work as a dental hygienist, so the ALJ was not required to, nor

-4-

did he, proceed to step five.  Tr. at 20.  The ALJ concluded Plaintiff was not under a disability from July 19, 2007 through the date of the Decision.  Tr. at 21 (citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

The matter to be addressed is the ALJ's erroneous reference to a SDM's evaluation as a medical evaluation, and the use of the SDM's evaluation to discount the opinion of a treating physician.

"In Florida, a [SDM] is assigned to make the initial disability determination after 'appropriate consultation with a medical or psychological consultant.'" Siverio v. Comm'r of Soc. Sec., 461 F. App'x 869, 871 (11th Cir. 2012) (unpublished) (quoting 20 C.F.R. § 404.906(b)(2)).  The designation as a SDM does not carry with it any corresponding medical credentials.  See id. (citing 20 C.F.R. § 404.906(a), (b)(2)).  "Indeed, the [Social Security Administration]'s Program Operations Manual System . . . explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that 'SDM-completed forms are not opinion evidence at the appeals level.'"  Id. (citation omitted); see also Tabb v. Astrue, No. 11-0287-M, 2012 WL 206155, at *4 (S.D. Ala. Jan. 24, 2012) (unpublished) (noting that "[a]n SDM's assessment is not opinion evidence that an ALJ may rely upon in reaching a disability determination"); Robertson v. Astrue, No. 11-0205-N, 2011 WL 6151548, at *2 n.2 (S.D. Ala. Dec. 12, 2011) (unpublished) (observing that a SDM is not an acceptable medical source and the opinion of a SDM "is not evidence that the ALJ may properly rely upon"); Bolton v. Astrue, No. 3:07-cv-612-J-HTS, 2008 WL 2038513, at *4 (M.D. Fla. May 12, 2008) (unpublished) (recognizing that a SDM is not a medical professional and that a finding from a SDM is not entitled to any weight as a medical opinion); Casey v. Astrue, No. 07-0878-C, 2008 WL 2509030, at *4 n.3 (S.D. Ala. June 19,

2008) (stating that "an RFC assessment completed by a disability specialist is entitled to no weight").

Here, on February 14, 2008, Melva Knight, a SDM, completed a "Case Analysis" in which she opined that Plaintiff's left ulnar neuropathy was "not severe[.]" Tr. at 159.  In support of that opinion, Ms. Knight noted that Plaintiff's hand was improving.  Tr. at 159.  Ms. Knight also opined Plaintiff had "minimal to no loss of physical function."  Tr. at 159.

In summarizing the evidence of record, the ALJ cited to Ms. Knight's case analysis in the Decision, calling it a "medical evaluation[.]" Tr. at 19.  Later in the Decision, in discounting treating physician Dr. Box's opinion regarding Plaintiff's left ulnar neuropathy, the ALJ stated in part, "the opinion is contrary to the other expert medical opinions in the case file that are more persuasive and consistent with the overall evidence of record."  Tr. at 20 (emphasis added).  The administrative transcript only contains one other medical expert opinion regarding Plaintiff's left ulnar neuropathy: that of non-examining physician Dr. Goodpasture.  Because the ALJ referred to plural opinions, he necessarily relied on Ms. Knight's opinion (in addition to Dr. Goodpasture's opinion) in discounting Dr. Box's opinion.

There is nothing in the record to indicate that Ms. Knight has any medical credentials.  As a SDM with no apparent medical credentials, Ms. Knight's opinion is not an opinion of an acceptable medical source. See 20 C.F.R. §§ 404.1513(a), 416.913(a).  Because an opinion of a SDM is not entitled to any weight, the ALJ erred when he mistakenly believed Ms. Knight's opinion was that of a medical source and partially relied on Ms. Knight's opinion in discounting the only treating physician opinion regarding left ulnar neuropathy.

Defendant concedes that Ms. Knight's opinion is not a "medical evaluation." <u>See</u> Memorandum in Support of Commissioner's Decision (Doc. No. 16; "Def.'s Mem."), filed October 20, 2011, at 8-9. Defendant contends, however, that such a reference by the ALJ was harmless. <u>Id.</u> In arguing that the reference was harmless, Defendant does not discuss the ALJ's use of Ms. Knight's opinion in discounting the opinion of Dr. Box. <u>See id.</u> The reliance by the ALJ on Ms. Knight's opinion to discount Dr. Box's opinion is problematic because the ALJ necessarily placed undue weight on Ms. Knight's opinion. <u>See</u> <u>Siverio</u>, 461 F. App'x at 871-72 (finding the ALJ's assignment of "significant weight" to a SDM's residual functional capacity assessment "was not a harmless error"). In addition, it is difficult to discern the extent to which the ALJ's discounting of Dr. Box's opinion was due to it being "contrary to other expert opinions in the case file[.]" Tr. at 20. Perhaps because the ALJ believed the discounting of Dr. Box's opinion was sound given that it is inconsistent with Ms. Knight's and Dr. Goodpasture's opinions, the ALJ provided no analysis or explanation regarding the other conclusory reasons to discount the opinion. <u>See</u> Tr. at 20 (stating the doctor is not a neurologist, the period of treatment was short, the doctor's notes were inconsistent with the opinion, and there was no objective evidence, but not explaining or providing any evidentiary support for the reasons); <u>see also</u> <u>Gayler v. Astrue</u>, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (unpublished) (reversing and remanding ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); <u>Russ v. Astrue</u>, No. 3:07-cv-1213-J-MCR, 2009 WL 764516, at *10 (M.D. Fla. Mar. 20, 2009) (unpublished) (finding an ALJ's "dismissal" of a

treating physician's opinion was "deficient" when the ALJ noted the opinion "was 'not supported by objective findings,'" but did not provide any explanation for the reason) (quoting ALJ's Decision).  Without being able to rely on Ms. Knight's opinion, and without providing explicit and adequate reasons supported by good cause for discounting Dr. Box's opinion, the ALJ cannot rely solely on the opinion of Dr. Goodpasture, as she is a non-examining physician.  See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (stating if an ALJ concludes the medical opinion of a treating physician should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it); Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (stating that an opinion of a non-examining physician "is entitled to little weight if it is contrary to the opinion of the claimant's treating physician") (citing Spencer ex rel. Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)).  Thus, judicial review of the medical evidence related to Plaintiff's left ulnar neuropathy is frustrated.

## V.  Conclusion

Remand is required for reconsideration of the medical evidence relating to Plaintiff's left ulnar neuropathy. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reevaluate the medical evidence relating to Plaintiff's left ulnar neuropathy, including the opinions of Dr. Box and Dr. Goodpasture;

(B)     If appropriate, ensure that Plaintiff's other argument raised in this appeal is considered; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.      The Clerk is further directed to close the file.

3.      In the event benefits are awarded on remand, Plaintiff's counsel be permitted thirty (30) days from receiving notice of the amount of past-due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b).  See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida on August 14, 2012.

*James R. Klindt*

**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of Record